**DISTRICT COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**JOHN B. SAMUEL III,**<br><br>    **Defendant.**<br>_____ | **1:22-mj-00033-WAL-EAH** |

**TO:**  Daniel H. Huston, Esq., AUSA
   Kye Walker, Esq.

### ORDER

**THIS MATTER** is before the Court upon the Government's Notice of Intent to Proceed by Affidavit at Preliminary Hearing (Dkt. No. 20). Defendant filed a response (Dkt. No. 21) and the Government replied (Dkt. No. 23).

**I.   BACKGROUND**

On March 13, 2022, Park Ranger Stuart Beaudry cited Defendant for failing to maintain 12' distance from opposing vessels at Buck Island National Monument. *See* Beaudry Aff. (Dkt. No. 20-1). Park Ranger Beaudry states in his affidavit that Defendant falsely identified himself, first to Park Ranger Beaudry and then to Park Ranger Gabriel Laurencin, as "Mike Larry." *Id*. at 3.

*USA v. Samuel*
1:22-mj-00033-WAL-EAH
Order
Page 2

Defendant is accused of making a materially false, fictious, or fraudulent statement or representation;[1] interfering with agency functions;[2] and failing to maintain 12 feet from opposing vessels.[3]

The Government intends to rely on the affidavit of U.S. Park Ranger Beaudry in lieu of live testimony at the preliminary hearing. Defendant seeks to cross-examine affiant Beaudry as well as Park Ranger Laurencin. Defendant requests that this Court order the Government to produce Beaudry and Laurencin at the preliminary hearing.

The issue before this Court is whether this Court should exercise its discretion to require the Government to produce its witnesses at the preliminary hearing.

## II. APPLICABLE LEGAL PRINCIPLES

"[W]hile Rule 5.1(e) makes clear that a defendant generally has the right to cross examine adverse witnesses, there is no requirement in the Rule that the Government must proceed by live testimony." *United States v. Matthias*, Criminal No. 2016-0025, 2017 U.S. Dist. LEXIS 63710 at *14 (D.V.I. 2017). To be sure, however, the Court has discretion to decline to accept proffered evidence and to require the government to produce a witness to testify. *United States v. Matthias*, 2017 U.S. Dist. LEXIS 63710 at *14 (D.V.I. 2017) (citing

---

[1] 18 U.S.C. § 1001(a)(2).
[2] 36 C.F.R. § 2.32(a)(1).
[3] Park Ranger Beaudry and the Government cite to 36 C.F.R. § 1.5(f), which reads: "Violating a closure, designation, use or activity restriction or condition, schedule of visiting hours, or public use limit is prohibited."

*USA v. Samuel*
1:22-mj-00033-WAL-EAH
Order
Page 3

*United States v. Muse*, Mag. No. 14-2007, 2014 U.S. Dist. LEXIS 15005 at *2 (D.N.J. 2014));

*see also United States v. Accetturo*, 783 F.2d 382 (3d Cir. 1986).

> [T]he magistrate or judge possesses adequate power to reconcile the competing demands of speed and of reliability, by selectively insisting upon the production of the underlying evidence or evidentiary sources where their accuracy is in question. Through sensible exercise of this power of selection, the judicial officer can make meaningful the defendant's right to cross-examine without unnecessarily transforming the bail hearing into a full-fledged trial or defendant's discovery expedition.

*United States v. Matthias*, 2017 U.S. Dist. LEXIS 63710 at *16 (D.V.I. 2017) (quoting *United States v. Accetturo*, 783 F.2d 382, 389 (3d Cir. 1986)).

### III. DISCUSSION

Plaintiff United States of America states that "it is entirely proper for the Government to proceed by proffer or affidavit at this stage of the case." Notice at 1. "Further, defendants have no right to cross-examine adverse witnesses who have not been called to testify or to call them as witnesses." *Id*. at 2 (citing *United States v. Accetturo*, 783 F.2d 382, 388-89 (3d Cir. 1986) (upholding district court's refusal to compel appearance of witness who was government's main source of information absent reason to believe witness would provide favorable evidence to defendant).

Defendant argues that this Court should exercise its discretion to require the Government to produce both Park Rangers Beaudry and Laurencin because their cross-examination would provide favorable testimony regarding Defendant's alleged interference with agency functions. Defendant asserts that Park Ranger Laurencin and Defendant know each other. Resp. at 3. "That the rangers knew Mr. Samuel at the time and

*USA v. Samuel*
1:22-mj-00033-WAL-EAH
Order
Page 4

therefore were not deceived as to his identity or the ownership of the vessel means there was no interference with agency functions such that there is no probable cause to support a violation of 36 CFR § 2.32(a)(1)." Resp. at 4.

The Government does not argue against—or directly address—this Court's discretion to require live testimony. [4] The Government reiterates that the preliminary hearing "is not a full-fledged trial or a discovery expedition," "the rules of evidence do not apply," and that nothing in Federal Rule of Criminal Procedure 5.1(e) "requires the Government to produce witnesses[.]" *See* Reply.

The Court notes that while it is entirely proper for the Government to proceed by proffer or affidavit at the preliminary hearing, it is well within the discretion of this Court to require the Government to produce its witnesses.

The Court will elect to do so here because Defendant has put the accuracy of Park Ranger Beaudry's affidavit in question. Defendant states that "the rangers knew Mr. Samuel at the time and therefore were not deceived as to his identity or the ownership of the vessel means there was no interference with agency functions such that there is no probable cause to support a violation of 36 CFR § 2.32(a)(1) [sic]." Resp. at 4. The Government does

---

[4] The Government states that "nothing [] precludes the defendant from independently offering testimony on cross examination of adverse witnesses, as long as any *Touhy* regulations are satisfied." The Government does not include proper citation, but the Court will reasonably infer that the Government is referring to *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Following *Touhy*, the various executive agencies enacted regulations governing the release of information by subordinates in response to a demand or subpoena in a court case. Each executive agency has its own set of regulations. Unhelpfully, the Government does not cite with any specificity to the so-called "*Touhy* regulations" or their specific applicability here.

*USA v. Samuel*
1:22-mj-00033-WAL-EAH
Order
Page 5

not address this identification issue in its notice, nor its reply. Thus, dissimilar to *Accetturo*, there is reason to believe that the Government's witnesses would provide favorable evidence to Defendant. Upon consideration of the Government's notice and reply, the Court finds that it is beneficial to all parties for the Government's witnesses to be available for live testimony and cross-examination at the preliminary hearing, specifically regarding Defendant's alleged interference with agency functions.

### IV. CONCLUSION

Accordingly, it is hereby **ORDERED** that the Government must produce affiant Park Ranger Stuart Beaudry and Park Ranger Gabriel Laurencin for testimony and cross-examination at the preliminary hearing set for Thursday, May 12, 2022.

ENTER:

Dated: May 10, 2022

/s/ Emile A. Henderson III
EMILE A. HENDERSON III
U.S. MAGISTRATE JUDGE